NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| DORENA CHANG, | : | |
|     Plaintiff, | : | Civ. No. 08-0019 (GEB) |
|     v. | : | **MEMORANDUM OPINION** |
| LIFE INSURANCE COMPANY OF NORTH AMERICA, d/b/a CIGNA GROUP INSURANCE, and SBHCS BENEFIT PROGRAM a/k/a PLAN OF OUR OWN, | : | |
|     Defendants. | : | |

**BROWN, Chief Judge**

    This matter comes before the Court upon Life Insurance Company of North America's ("LICNA" or "Defendant") motion to dismiss Count II of Plaintiff Dorena Chang's ("Chang" or "Plaintiff") Complaint. The Court has reviewed the parties' submissions and decided the motion without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, the Court will grant Defendant's Motion.

**BACKGROUND**

    This case arises out of a Complaint filed by Ms. Chang on January 3, 2008 relating to an award of disability income benefits pursuant to the SBHCS Benefit Program (the "Plan"). The Plan provided long-term disability coverage to Plaintiff and other employees of Saint Barnabas Health Care Systems. (Plaintiff's Complaint ("Compl.") at 1.) Plaintiff contends that she was improperly denied long-term disability benefits under the Plan and seeks:

    (i) an Order directing Defendants to provide her with benefits and compensate her for

past benefits owed to her (Count I);

(ii) an Order directing the removal of LICNA from performing fiduciary duties or administrative duties with regard to the Plan and declaring LICNA to have breached its fiduciary duties under ERISA (Count II); and

(iii) an Order for the payment by LICNA of a penalty pursuant to 29 C.F.R. § 2560.503-1(g) (Count III). (Compl. at 2, 19-21.)

On February 29, 2008, Defendant filed a motion to dismiss Count II pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff opposes the motion.

**DISCUSSION**

A. STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) may be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court finds that plaintiff has failed to set forth fair notice of what the claim is and the grounds upon which it rests. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964 (2007) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A complaint will survive a motion under Rule 12(b)(6) if it states plausible grounds for plaintiff's entitlement to the relief sought. *Id*. at 1965-66 (abrogating *Conley*'s standard that the "complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"). In other words, it must contain sufficient factual allegations to raise a right to relief above the speculative level. *Id*. at 1965. The issue before the Court "is not whether plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence in support of the claims." *Burlington Coat Factory Sec. Litig.*, 114

F.3d 1410, 1420 (3d Cir. 1997) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). In evaluating a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court may consider only the complaint, exhibits attached to the complaint, matters of public record, and undisputedly authentic documents if the complainant's claims are based upon those documents. *See Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993), *cert. denied* 510 U.S. 1042 (U.S. Jan. 10, 1994) (No. 93-661).

  B. APPLICATION

 The ERISA sections at issue in Defendant's motion are set out in 29 U.S.C. § 1132:

> (a) Persons empowered to bring a civil action. A civil action may be brought--
>  (1) by a participant or beneficiary--
>   (A) for the relief provided for in subsection (c) of this section, or
>   (B) *to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan;* [Section 502(a)(1)(B)]
>  (2) by the Secretary, or by a participant, beneficiary or fiduciary for appropriate relief under section 409 [29 USCS § 1109];
>  (3) *by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this title or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this title or the terms of the plan;* [Section 502(a)(3)]

29 U.S.C. § 1132 (emphases added).

 Defendant contends that Plaintiff may not set forth both a claim for long term disability benefits under ERISA Section 502(a)(1)(B) and a claim of breach of fiduciary duty under Section 502(a)(3). The Supreme Court in *Varity v. Howe*, 516 U.S. 489 (1996) explained that Section 502(a)(3) was a "catchall" provision, serving as a safety net and "offering appropriate equitable

relief for injuries caused by violations that Section 502 does not elsewhere adequately remedy." *Id.* at 512.  The Court held that "where Congress elsewhere provided adequate relief for a beneficiary's injury, there will likely be no need for further equitable relief, in which case such relief normally would not be 'appropriate'." *Id.* at 515.  Applying this rationale to the facts of that case, the Court held that since Plaintiffs could only rely on Section 502(a)(3) or "have no remedy at all", individual beneficiaries of the employee benefit plan were permitted to seek equitable relief under that section.  *Id.*

While the *Varity* opinion has been subjected to varying interpretations, the majority view appears to be the one adopted by Judge Cooper in the case of *Morley v. Avaya, Inc.*, No. 04-409, 2006 U.S. Dist. LEXIS 53720 (D.N.J. Aug. 3, 2006).  Plaintiff in that case sought compensation for wrongful denial of benefits and set forth a breach of fiduciary duty claim against the plan administrator.  The court reviewed the complaint and granted defendants' motion for summary judgment, deeming that plaintiff's breach of fiduciary duty claim could not stand because it did not "constitute 'additional relief' otherwise not provided for in Section [502(a)(1)(B).]" *Id.* at *24.  The court went on to explain that such "relief [wa]s *specifically* provided for and contemplated by the language in Section [502(a)(1)(B).]" *Id.*

This position was articulated in *Katz v. Comprehensive Plan of Group Ins.*, 197 F.3d 1084 (11th Cir. 1999), with the court affirming the district court's dismissal of plaintiff's 502(a)(3) claim on the grounds that plaintiff had an "adequate", overlapping remedy under 502(a)(1)(B), *even though plaintiff ultimately did not prevail on her 502(a)(1)(B) claim*.  See also *Adomaitis v. Alcoa, Inc.*, No. 06-1659, 2007 U.S. Dist. LEXIS 18574 (W.D. Pa. March 15, 2007) (holding that plaintiff could set forth claims under both 502(a)(1)(B) and 502(a)(3), but only to

4

the extent that the 502(a)(3) claims did not overlap with the scope of 502(a)(1)(B)); *Turner v. Fallon Community Health Plan, Inc.*, 127 F.3d 196 (1st Cir. 1997) (dismissing plaintiff's Section 502(a)(3) claim because plaintiff sought damages, not equitable relief, and his grievance – a denial of benefits – was specifically addressed by Section 502(a)(1)(B)).

Turning to the case at bar, a review of Count II suggests that it is not in fact a request for "additional relief" – i.e. relief not already addressed under Count I and its Section 502(a)(1)(B) claims. Count II demands the following relief:

> 6. An Order directing the removal of LINA from performing fiduciary or administrative duties with regard to the PLAN and replacing them with an administrator who does not have a conflict of interest in making determinations thereunder.
> 7. An injunction barring the Defendants from engaging in any further prohibited action under ERISA against CHANG.
> 8. Declaration of Defendants' noncompliance with the terms of the PLAN.
> 9. Declaration of Defendants' noncompliance with the minimum requirements of ERISA.
> 10. Declaration of Defendant LINA's breach of its fiduciary duties under ERISA.

(Compl. at 20.) None of the provisions of Count II seem designed to obtain any additional relief for Ms. Chang beyond: (i) a reversal of the denial of Ms. Chang's benefits and (ii) an assurance that she will be covered under the Plan in the future – both of which are already sought in Claim I and available under Section 502(a)(1)(B).[1] Under these circumstances, the Court holds that even

---

1    Count I claims:

> 1. An Order directing Defendants to initiate benefits to CHANG under the PLAN.
> 2. An Order requiring Defendants to award CHANG total disability benefits due and owing her from September 7, 2006 to the present.
> 3. An Order requiring Defendants to award CHANG all past benefits due to her under the PLAN, with an award of pre-judgment interest without any offset for Social Security benefits.

viewing all allegations in the light most favorable to Plaintiff, Ms. Chang has failed to set forth sufficient factual allegations to raise a right to relief under Count II above the speculative level.

The Court is aware that other districts in this Circuit and other courts in this District have interpreted *Varity* differently. The court in *Parente v. Bell-Atlantic*, No. 99-5478, 2000 U.S. Dist. LEXIS 4851 (E.D. Pa. April 18, 2000), for example, held that "[t]he language used by the Supreme Court in Varity does not compel the dismissal of [Section 502(a)(3)] claims whenever a [Section 502(a)(1)(B)] claim is also brought," but that it should instead be read to mean that a plaintiff "is only precluded from seeking equitable relief under [Section 502(a)(3)] when a court determines that plaintiff *will certainly receive or actually receives* adequate relief for her injuries under [Section 502(a)(1)(B)] or some other ERISA action." *Id.* at *10-11. The court deemed that such a determination was not possible at that stage of the proceedings, and denied defendants' motion to dismiss plaintiff's Section 502(a)(3) claim.

Similarly, the court in *DeVito v. Aetna, Inc.*, 536 F. Supp. 2d 523 (D.N.J. 2008) held that claims under Section 502(a)(3) are not properly dismissed at the motion to dismiss stage merely because a plaintiff has also brought a claim under Section 502(a)(1)(B). *Id.* at 534. While the court noted the "split among circuits and within this district as to the effect of *Varity* . . . on a

---

        4. An Order requiring the PLAN to continue to provide to Chang all available benefits she is entitled to as a disabled employee under the terms of the PLAN, including but not limited to waiver of premiums for her life insurance coverage, pension vesting, LTD survivor benefits and vesting of her 401K benefits if considered disabled.
        5. Payment of reasonable attorney's fees pursuant to 29 U.S.C. § 1132(g), costs incurred in this action; and for such other and further relief as the Court deems appropriate.

(Compl. at 19-20.)

plaintiff's ability to simultaneously pursue claims for benefits under § 502(a)(1)(B) and for breach of fiduciary duty under § 502(a)(3)," the Court declared itself "persuaded by the reasoning of those courts that have found that *Varity* does not establish a bright-line rule at the motion to dismiss stage of the case." *Id.* at *26-27; *see also Roarty v. Tyco Int'l Ltd. Group*, No. 06-195, 2007 U.S. Dist. LEXIS 56637 (D. Del. Aug. 2, 2007) (denying motion to dismiss Section 502(a)(3) claim and arguing that it was too early in the case to assess whether any of the relief sought under the 502(a)(3) claim could lead to any recovery sought by plaintiff under the 502(a)(1)(B) claim).

      The Court agrees that *Varity* should not be read as imposing a bright-line prohibition on Section 502(a)(3) claims when Section 501(a)(1)(B) are also set forth.  But Plaintiff's Count II appears to be nothing more than an attempt to couch the request for relief it had previously set forth in Count I in the language of equity.   To allow Plaintiff to proceed with Count II – including its borderline frivolous request for the removal of LINA from its administrative functions – would lead to a significant waste of the Court's and the parties' resources.

**CONCLUSION**

For the foregoing reasons, the Court will grant Defendant's motion. An appropriate form of Order accompanies this Opinion.[2]

Dated: June 17, 2008

                                                          s/ Garrett E. Brown, Jr.
                                                          GARRETT E. BROWN, JR., U.S.D.J.

---

[2] The Court received a letter dated April 25, 2008 from counsel for the Plan regarding its attempt to join the motion to dismiss discussed above, and a letter from Plaintiff's counsel on the same day arguing that the Plan's motion should be dismissed as untimely. This issue is moot in light of this Court's decision to dismiss Count II.